## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOYOTA MOTOR CREDIT CORPORATION, | CIVIL ACTION NO: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| THE COUNTY OF NASSAU, | |
| Defendant. | |

Plaintiff, Toyota Motor Credit Corporation alleges as follows:

### JURISDICTION AND VENUE

1.     Plaintiff brings a declaratory judgment/civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

2.     Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C. §1983.

3.     Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action rises under the Constitution and laws of the United States.

4.     The supplemental jurisdiction of the District Court is invoked pursuant to 28 U.S.C. §1367 for inter-related state law claims which arise from the occurrences giving rise to the Federal claims and which have a common nucleus of operative fact.

5.     Venue lies in the Court pursuant to 28 U.S.C. §1391.

## PARTIES

6.      Plaintiff Toyota Motor Credit Corporation ( "TOYOTA") is a corporation organized and existing by virtue of laws of the State of California and the holder of the duly perfected first priority security interest and lien in the 2014 Toyota RAV4 vehicle identification number 2T3BFREV3W222406 ("The Subject Vehicle").

7.      Defendant The County of Nassau (hereinafter "NASSAU") is a municipal corporation organized and existing under the laws of the State of New York.

## INTRODUCTION

8.      NASSAU summarily deprived TOYOTA of its rights in The Subject Vehicle (which NASSAU had seized under its police power) in the following ways (collectively, "The Deprivations"):

   a.   NASSAU seized and detained The Subject Vehicle to force TOYOTA to pay unadjudicated parking tickets assessed against The Subject Vehicle and also unrelated tickets assessed against other vehicles; and

   b.   NASSAU imposed a lien on The Subject Vehicle for towing and storage fees which supposedly took priority over TOYOTA's Lien; and

   c.   NASSAU unilaterally declared that The Subject Vehicle was abandoned and executed paperwork to be used to take title to The Subject Vehicle away from TOYOTA; and

   d.   NASSAU purportedly but illegally transferred the title to The Subject Vehicle to eliminate TOYOTA's lien in The Subject Vehicle.

9.      The Deprivations occurred in furtherance of NASSAU's established practices for handling vehicles which are seized to leverage payment of unadjudicated and/or unrelated parking tickets.

10.     In causing The Deprivations NASSAU violated TOYOTA's right to Procedural Due Process because NASSAU has no procedure whereby a person holding a security interest and lien in a seized vehicle is afforded the opportunity for a hearing before an impartial decision-maker with

adequate notice, whereat the interested person can protect its interest by challenging any of The Deprivations or by recovering possession of the impacted vehicle.

11.     In causing The Deprivations NASSAU violated TOYOTA's right to Procedural Due Process because NASSAU has no procedure for providing notice of methods by which an interested person may recover a vehicle which is seized to leverage payment of unadjudicated and/or unrelated parking tickets or protect its first priority lien status.

12.     In (a) seizing The Subject Vehicle to leverage payment of unadjudicated parking tickets, (b) seizing The Subject Vehicle to leverage payment of tickets assessed to completely different vehicles, (c) summarily declaring The Subject Vehicle to be abandoned, and (d) in executing paperwork to take title away from TOYOTA, NASSAU violated TOYOTA's right to Substantive Due Process and TOYOTA's right to be free from unreasonable seizures.

## FACTS COMMON TO ALL COUNTS

13.     As of about August 14, 2017, TOYOTA was the duly perfected first priority lienholder recorded on the title to The Subject Vehicle.

14.     The Subject Vehicle was financed in the ordinary course of TOYOTA's business to an individual customer who registered The Subject Vehicle with The New York State Department of Motor Vehicles under license plate HTS6308.

15.     On or about January of 2019, NASSAU took possession and custody of The Subject Vehicle for alleged parking violations pursuant to NASSAU's officers acting in the course of their duties as law enforcement officers.

16.     From the date of seizure through present NASSAU maintained exclusive custody and control of The Subject Vehicle.

17.     On January 7, 2019, NASSAU sent TOYOTA a letter stating that unless TOYOTA claimed The Subject Vehicle NASSAU would dispose of The Subject Vehicle. (See: Exhibit "1")

18.     TOYOTA contacted NASSAU to claim The Subject Vehicle and NASSAU demanded that TOYOTA pay NASSAU the sum of $4,580.03 in order to recover The Subject Vehicle.

19.     NASSAU responded to TOYOTA's attempts to recover The Subject Vehicle by demanding that in order to recover The Subject Vehicle TOYOTA must comply with the following conditions:

      a.   pay all tickets (including unadjudicated ones) for violations involving The Subject Vehicle; and

      b.   pay all tickets (including unadjudicated ones) assessed against other vehicles which are titled to TOYOTA; and

      c.   pay towing and storage fees for the time NASSAU has detained The Subject Vehicle.

20.     NASSAU's refusal to release The Subject Vehicle absent compliance with the conditions above was both consistent with and/or part of NASSAU's regular policy and practice for release of vehicles seized to force payment of unadjudicated and/or unrelated parking violations.

21.     A copy of correspondence sent on behalf of TOYOTA to demand The Subject Vehicle is attached hereto as Exhibit "2."

22.     NASSAU does not have a procedure for allowing a hearing to persons who wish to recover a seized vehicle without first complying with NASSAU's conditions as stated.

23.     NASSAU does not have a procedure for notifying persons of alternative methods for recovering a seized vehicle other than compliance with NASSAU's conditions as stated.

24.     NASSAU has not responded to TOYOTA's written demand as described above.

25.     At no time did NASSAU afford TOYOTA an opportunity for a hearing before an impartial decision-maker relative to The Subject Vehicle.

26.     TOYOTA has not recovered possession of The Subject Vehicle.

## CAUSES OF ACTION

### COUNT I
**Violation of Civil Rights Pursuant to title 42 U.S.C. §1983**
**(Deprivation of Property by Unreasonable Seizure and Without Due Process of Law)**

27.     TOYOTA realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

28.     Prior to NASSAU's involvement with The Subject Vehicle TOYOTA held the first priority security interest and lien  in The Subject Vehicle.

29.     TOYOTA had the immediate right to take possession of The Subject Vehicle pursuant to its security interest.

30.     NASSAU acted under color of state law to deprive TOYOTA of valuable property interests in the following ways:

a.  NASSAU seized and detained The Subject Vehicle to force TOYOTA to pay unadjudicated parking tickets assessed against The Subject Vehicle and also unrelated tickets assessed against other vehicles; and

b.  NASSAU imposed a lien on The Subject Vehicle for towing and storage fees which supposedly took priority over TOYOTA's lien; and

c.  NASSAU declared that The Subject Vehicle was abandoned and executed paperwork to be used to take title to The Subject Vehicle; and

d.  NASSAU purportedly transferred title to The Subject Vehicle to eliminate TOYOTA's lien in The Subject Vehicle.

31.     NASSAU's conduct in causing such deprivations violated TOYOTA's right to Due

Process under the Fourteenth Amendment of the United States Constitution because:

   a.   NASSAU has no procedure whereby TOYOTA (or any person with an
        interest in a seized vehicle) could have been afforded the opportunity for a
        hearing before an impartial decision-maker, with adequate notice, whereat
        TOYOTA or any other interested person could protect its interest by
        challenging The Deprivations or by recovering the impacted vehicle; and

   b.   NASSAU has no procedure for notifying TOYOTA of methods which could
        be utilized to recover The Subject Vehicle or protect TOYOTA's first
        priority lien; and

   c.   NASSAU's seizure of The Subject Vehicle to leverage payment of
        unadjudicated tickets and tickets charged to totally different vehicles was
        without any reasonably acceptable justification.

32.     NASSAU's conduct in in seizing The Subject Vehicle to secure payment of

unadjudicated tickets and tickets charged to totally different vehicles violates TOYOTA's right to

be free of unreasonable seizures under the Fourth Amendment of the United States Constitution

because NASSAU had no warrant justifying seizure of The Subject Vehicle to enforce such tickets

and no exception to the prohibition against warrantless seizures applied.

33.     NASSAU knew or should have known that it was unlawful and unconstitutional to

seize The Subject of Vehicle and deny possession based upon unadjudicated tickets and tickets

from unrelated incidents or vehicles, assert a lien for towing and storage fees, declare the vehicle

abandoned and present paperwork to transfer title to the vehicle, where notice and a hearing upon

the validity of such deprivations had not been afforded to the persons with property interests in The

Subject Vehicle.

34.     As a direct and proximate result of NASSAU's violation of TOYOTA's rights

under the Fourth and Fourteenth Amendments to the United States Constitution TOYOTA has

suffered general and special monetary damages based upon the lost value of The Subject Vehicle, the income stream due to TOYOTA relative thereto and is entitled to relief under 42 U.S.C. §1983.

35.    The conduct of NASSAU in not seeking to have a prompt impartial review of its detention, seizure to enforce unadjudicated and unrelated tickets, and creation of a lien for towing and storage fees was consistent with and part of the standard procedure and policy utilized by NASSAU.

36.    The conduct of NASSAU in declaring a vehicle abandoned and the execution of documents to be used to transfer title without NASSAU affording any opportunity for a hearing relative thereto is consistent with and part of the standard procedure and policy utilized by NASSAU.

37.    NASSAU does not maintain any procedural mechanism for affording a person holding a security interest and lien in a vehicle the opportunity for a hearing before declaring a vehicle to be abandoned.

38.    The failure by official NASSAU policy makers to properly train or supervise subordinates regarding the process due in conjunction with the warrantless seizure, detention and assertion of charges and liens against vehicles, and declaration of abandonment and execution of paperwork to transfer title thereof, is contrary to well-settled constitutional law, as made clear by numerous controlling court decisions, including but not limited to:

   a.   Ford Motor Credit Co. v NYC Police, 503 F.$^{3d}$ 186 (2nd Cir. 2007);and

   b.   County of Nassau v Canavan, 1 NY$^{3d}$ 134, 145 (2003), holding that Due Process requires a hearing pendent lite where the government asserts a financial interest in a vehicle; and

   c.   Krimstock v Kelly, 306 F.$^{3d}$ 40 (2nd Cir. 2002); and

   d.   U.S. v Cosme, 79 F.$^{2d}$ 226 (2nd Cir. 2015) holding that a warrantless seizure violates the Fourth Amendment.

39.     NASSAU policy makers' failure to train or supervise subordinates in the face of this law amounts to deliberate indifference to the rights of persons who have interests in vehicles that are seized without a warrant, detained, subjected to charges for unadjudicated tickets and violations involving unrelated vehicles and liened by and declared abandoned and transferred by NASSAU.

40.     But for NASSAU'S deprivational policy, decisions, practices and failures above described, TOYOTA would have had the right to recover and would have recovered The Subject Vehicle without delay or with minimal delay by reason of measures that preserve legitimate interests but are less intrusive than continued detention of the vehicle, without incurring liability for or loss due to unadjudicated tickets and tickets assessed against unrelated vehicles, towing and storage charges impressed *ex parte*, and without incurring liability for or loss due to further storage charges continually accruing daily, and without loss of its right to maintain its position as the first priority lienholder of The Subject Vehicle.

## COUNT II
### Violation of New York Constitution Article I, Sec. 6
### (Deprivation of Property Without Due Process of Law) and Violation of New York Constitution Article I, Sec. 12 (Prohibition Against Unreasonable Seizures)

41.     TOYOTA realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

42.     NASSAU's violations of the Fourteenth Amendment to the U.S. Constitution as aforesaid constitute violations under New York Constitution, Article I, Sec. 6.

43.     NASSAU's violations of the Fourth Amendment to the U.S. Constitution aforesaid constitute violations under New York State Constitution Article I, Sec. 12.

## COUNT III
### Declaratory Relief

44.     TOYOTA realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

45.     An actual controversy has arisen and now exists between TOYOTA and NASSAU warranting declaratory relief pursuant to 28 U.S.C. §  2201.

46.     TOYOTA seeks a declaration that NASSAU's conduct giving rise to The Deprivations violated TOYOTA's right to be free from unreasonable seizures and to Due Process under the Constitutions of the United States and New York State.

47.     TOYOTA seeks a declaration that NASSAU is liable to TOYOTA pursuant to 42 U.S.C. § 1983 and 42 U.S.C § 1988 for all damages and attorney's fees suffered and incurred by TOYOTA.

48.     TOYOTA seeks a declaration that NASSAU's conduct constituting The Deprivations was null and void *ab initio*.

## COUNT IV
### Injunction

49.     TOYOTA realleges and incorporates by reference the allegations set forth in the above paragraphs of the complaint.

50.     The Court should enjoin NASSAU from:

a.  seizing and/or detaining vehicles to force payment of unadjudicated tickets and parking tickets assessed against vehicles other than the seized vehicle; and

b.  asserting or allowing its private party agents to assert a lien for storage fees where interested persons have not been afforded procedural Due Process; and

c.  declaring a vehicle to be abandoned and/or executing documents to transfer title where interested persons have not been afforded procedural and substantive Due Process.

## COUNT IV
## Conversion Under New York State Law

51.     TOYOTA realleges and incorporates herein by reference the allegations set forth in the above paragraphs of the complaint.

52.     NASSAU exercised unlawful dominion and control of The Subject Vehicle to the exclusion of TOYOTA's rights when it conditioned release of the vehicle upon TOYOTA paying unadjudicated tickets and tickets assessed to totally different vehicles and paying towing and storage fees and when NASSAU declared The Subject Vehicle to be abandoned and when NASSAU executed documents to be used to transfer title to The Subject Vehicle.

53.     NASSAU exercised unlawful dominion and control over The Subject Vehicle to the exclusion of TOYOTA's right when NASSAU refused to release The Subject Vehicle to TOYOTA.

54.     NASSAU's  acts of conversion as indicated caused TOYOTA actual damages, as well as attorney's fees.

## PRAYERS FOR RELIEF

**WHEREFORE,** TOYOTA requests that this Court:

a.  Grant judgment in favor of TOYOTA and against NASSAU on all causes of action asserted herein; and

b.  Declare that NASSAU violated TOYOTA's rights to be free from unreasonable seizures and to Due Process under the United States and New York State Constitutions; and

c.  Declare that NASSAU's conduct constituting The Deprivations was null and void *ab initio*; and

d.  Award TOYOTA nominal damages and actual damages; and

e.  Award TOYOTA the cost of prosecuting this action together with attorney's fees pursuant to 42 U.S.C. §1988; and

    f.    Enjoin NASSAU from engaging in the conduct constituting The Deprivations; and

    g.    Award such other and different relief that the Court, in the exercise of its discretion, deems just and proper.


Dated: New York, New York
          April 9, 2019

                             **Norris McLaughlin, P.A.**


                             By:   *_/s/ Nicholas Duston_*
                                    Nicholas A. Duston
                                    875 Third Ave., 8th Floor
                                    New York, NY 10022
                                    212-808-0700
                                    naduston@norris-law.com
                                    *Counsel for Toyota Motor Credit Corporation*